**Leonel CLAUDE, Plaintiff,**

v.

**AMERICAN STORES COMPANY, d/b/a Jewel Foods Defendant.**

**No. 98 C 2919.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 29, 1999.

Robert J. Jenkins, Krohn Kenkins and Anderson, Chicago, IL, for Plaintiff.

John J. Murphy, Jr., Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Leonel Claude is a person of African Haitian descent employed by Jewel Foods ("Jewel") as a driver. He was hired as a casual driver in November 1992; later in November, Jewel hired William Poremba and in December it hired Michael Bianco-

fiori, who are white, also as casual drivers. Drivers at Jewel are represented by the Chicago Truck Drivers, Helpers, and Warehouse Workers Union (the "Union"). In May 1997, Jewel promoted Poremba and Biancofiori, but not Claude, to regular driver status. (Claude has since been promoted to regular driver.) In July 1997, Claude filed a race discrimination charge against Jewel with the Illinois Human Rights Department. In May 1998, he filed this case, alleging race discrimination and retaliation under 42 U.S.C. § 2000e, *et seq.* His amended complaint alleges only that he was subject to unlawful retaliation for filing charges with the Illinois Human Rights Department. Jewel moves for summary judgment, and I grant the motion.

■ Claude alleges that he had never been the subject of any employment action before he filed his state charges. After filing charges, he experienced four acts that he construes to be retaliatory: On October 21, 1998, he was threatened with being marked a day off if he did not report for duty, although this was in violation of Department of Transportation rules requiring him to be off for at least eight hours. He was not, however, marked a day off. On November 24, 1999, Claude was threatened with disciplinary action for allegedly using profanity towards a supervisor, Lyn Ziehlke–Reece. This incident occurred three days before his Illinois Human Rights Department hearing. Claude concedes that no mention of this of disciplinary action appeared in a report of this conversation, and he was not, in fact, disciplined.

On December 3, 1998, Ziehlke–Reece told Claude that his performance was below par and he would be disciplined or fired if he didn't shape up. On December 19, 1999, another supervisor, Jim Noland, told Claude he would be disciplined if his performance did not improve. Claude states that the collective bargaining agreement (the "CBA") between Jewel and the Union contains no discipline procedure for

drivers on grounds of poor performance, and that a letter of May 31, 1996, representing an understanding about driver performance between the Union's president and Jewel's labor relations director, does not in fact establish such a policy. Finally, Claude claims that Jewel's own written Policy and Procedures either contain no discipline policy concerning driver performance or, if it did, these policies were not followed because Jewel admits that Claude could not, in fact, have been fired for performance deficiencies in his range.

Claude admits that he neither filed a grievance in these matters with the Union nor complained to the Union shop stewards. He alleges that this would have been futile because the Union is for all practical purposes a company union which would never oppose what Jewel wanted to do.

Jewel moves for summary judgment. Summary judgment is appropriate where there is no genuine issue of material fact and a moving party is entitled to judgment as a matter of law. *Dawn Equipment Co. v. Micro–Trak Systems, Inc.,* 186 F.3d 981, 986 (7th Cir.1999); Fed.R.Civ.P. 56(c). I view the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Fulk v. United Transportation Union,* 160 F.3d 405, 407 (7th Cir.1998). However, the nonmoving party may not rest only upon the allegations set forth in the pleadings, but must come forward with specific facts sufficient to raise a genuine issue for trial. *Liu v. T&H Machine, Inc.,* 191 F.3d 790, 794 (7th Cir.1999) *(citing Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

■ Here, Claude has failed to make out the facts that would support a retaliation claim because he does not show he was subject to adverse employment action. It is unlawful "for an employer to discriminate against any of his employees or applicants for employment ... because he has made a charge ... or participated in any manner in an investigation, proceeding, or hearing under" Title VII. 42 U.S.C.

§ 2000e–3(a). To establish a prima facie case of retaliation under that section, the plaintiff must show "(1) that [ ]he engaged in statutorily protected activity; (2) that [ ]he suffered an adverse employment action; and (3) that there is a causal link between the protected activity and the adverse action." *Wilson v. Chrysler Corp.,* 172 F.3d 500, 504 (7th Cir.1999).

Mr. Claude was not fired or even disciplined. He was at most threatened with discipline or termination. The Seventh Circuit has acknowledged that there is a tension in the case law about what is required for adverse employment action: one line requires "materially adverse job action," roughly, some impact on terms or condition of employment, while another line rejects these limitations because "effective retaliation against employment discrimination need not take the form of a job action." *McDonnell v. Cisneros,* 84 F.3d 256, 259 (7th Cir.1996) (citing cases). The Seventh Circuit did not resolve this tension.

However, even if I take the more expansive view and acknowledge that "adverse actions can come in many shapes and sizes," *Knox v. State of Indiana,* 93 F.3d 1327, 1334 (7th Cir.1996), Claude has not alleged any adverse job action or other actual harm. He was not "mov[ed] ... from a spacious, brightly lit office to a dingy closet, depriv[ed] ... of previously available support services (like secretarial help or a desktop computer), or cut[ ] off [from] challenging assignments." *Id.* He was not shunned on the orders of his employer. *McKenzie v. Illinois Dept. of Transportation,* 92 F.3d 473, 485 (7th Cir. 1996). He was only warned or threatened, once in connection with alleged rudeness to a supervisor and a demand that he report for work in violation of regulations, and twice in connection with job performance deficiencies. He suffered no adverse consequences.

This case is therefore most analogous to *Sweeney v. West,* 149 F.3d 550 (7th Cir. 1998), holding that "unfair[ ] reprimand[s]

for conduct [the plaintiff] either did not engage in or should not have been responsible for" were not adverse employment action "[a]bsent some tangible job consequence accompanying those reprimands." *Id.* at 556. In *Sweeney* the plaintiff was admonished in a way that "stop[ped] short of disciplining [her]." *Id.* at 557.

I do not read the Seventh Circuit to say that mere warnings, threats, or admonitions can never be adverse employment action. A sudden unrelenting barrage of threats triggered by protected activity could rise to the level of job action by creating a hostile or abusive environment even if the threats were never carried out. But here Claude asserts without argument only that the warnings about his job performance had some adverse effect, apparently on his Illinois Human Rights Commission hearing. Since he introduces no evidence about what the adverse effect was, this assertion cannot help him, and the point is waived. *See Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir.1998) (refusing to consider "unsupported or cursory arguments").

■ Jewel, for its part, argues that exhaustion of arbitration remedies under the CBA is a prerequisite of filing a Title VII lawsuit. Jewel should know better. That is not the holding of *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), cited by Jewel, which requires that result only where there is a mandatory arbitration clause. Jewel does not allege that to be the case here.

I GRANT summary judgment on Claude's retaliation claim and find for Jewel.